Daniel, J.
 

 The prosecutor, by an advertisement in a public newspaper, had forewarned all persons trespassing on his land, and particularly the defendant and his sons. The advertisement concluded thus: “ Said White and
 
 *421
 
 boys entered his (Stevenson’s) premises this morning, well armed with guns, no doubt with some evil intention, either to do the subscriber some private injury, or to injure his stock.” The defendant, a few days after-wards, through the same newspaper, answered the advertisement, and denied that he went to the prosecutor's house to do him or his stock any injury. “I went (said the defendant,) for no other intention but to search for my stolen property, and his son John was with me all the time: on the 26th November at night, I lost some property ; the next morning I got item that it had gone to Silas S. Stevenson’s ; I immediately pursued and found my property in one of his houses; I made no further plunder, but immediately returned home.” Does this, of itself, and without any averment to that effect in the advertisement, charge the prosecutor with stealing the property? We think it did not. As it stood upon the record, it contained no libellous matter. The indictment simply sets out the tenor of the advertisement, and does not aver that the defendant meant thereby to impute larceny to the prosecutor. Notwithstanding the defective allegation, the Judge left it to the jury to say, whether such an interpretation was to be given to the publication, as charged a larceny to Stevenson ; and he told them, if they came to such a conclusion, then that portion of the publication amounted to a libel. We think that, as the indictment is framed, the import of the publication and its sense were to be judged of by the Court; and that it was improper to leave it to the jury to find-a meaning, which was not charged upon the defendant in the indictment. If there had been an averment, that the defendant intended, by this portion of the publication, to charge the prosecutor with stealing his property, then the remarks of the Judge upon the evidence offered would have been proper.
 
 Rex
 
 v.
 
 Watson, 2
 
 T. R. 20G. If a Judge and jury, in any case, think that the publica tion is libellous; still, if on the record it appear not to
 
 *422
 
 be so, no judgment can be rendered. We must understand, from the case sent up to this Court, that the finding of the jury and the judgment rendered in the Superior Court, were confined solely to this part of the publication. That there are, in other parts of it, libellous matter, as set forth in the indictment, is certainly true ; but whether this verdict and judgment related also to them, we are left totally ignorant from the case sent up here. Our attention is restrained to one point; and as that is against the State, the judgment must be reversed and a “
 
 venire de novo”
 
 awarded. For what we know, the libellous matter, which is well charged in the indictment, may have been justified by the defendant, or disposed of in some other way. There must be a new trial.. If indeed the publication, directly and in express terms, impute to one a crime, the character of the publication, as being libellous, sufficiently appears from the tenor of it, which is set forth in the indictment, and no further averment is requisite. In the one mode or the other, the indictment must shew that the person was held up to hatred, ridicule and contempt. Now, this publication, by its words merely, does not impute larceny to the prosecutor, but rather the contrary ; for the purport of
 
 it
 
 is, that the prosecutor’s own son attended the defendant in his search for the stolen goods on his father’s premises, and that they were not found in the possession nor under the control of the prosecutor, but “ in one of his houses” ; which turns out to have been true, as the articles were discovered in a house belonging to the prosecutor, and on his premises, but occupied at the time by a tenant. The defendant’s publication,
 
 in this part
 
 of it, was in truth his defence against the charge of the prosecutor; as to the defendant’s ill motives for going to his premises, by a statement of his real purpose in going, namely, to find his stolen property, and not to accuse the prosecutor himself with being the thief. As this is the natural import of the defendant’s language, and'the indictment
 
 *423
 
 contained no averment of any particular anj different intent, there was nothing to leave to the jury on this point.
 

 Pek Curiam. Ordered to be certified accordingly.